# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MARION REENE ROBAIR,

   Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

   Defendant.

CASE NO. 3:17-CV-05406-JRC

ORDER ON PLAINTIFF'S COMPLAINT

   This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed. *See* Dkt. 9, 10, 11.

   After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his treatment of plaintiff's testimony. For example, the ALJ did not

provide a specific, clear, and convincing reason for rejecting a plaintiff's testimony by simply reciting the medical evidence in support of plaintiff's residual functional capacity ("RFC") determination. In addition, the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's subjective symptom testimony regarding her left knee and lumbar spine.

Had the ALJ properly considered this evidence, the RFC may have included additional limitations. Therefore, the ALJ's error is not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## BACKGROUND

Plaintiff, MARION REENE ROBAIR, was born in 1976 and was 33 years old on the alleged date of disability onset of January 21, 2010. *See* AR. 182-83, 193-99. Plaintiff started the twelfth grade in school, but did not graduate. AR. 577. Plaintiff has some work experience stocking merchandise and cashiering. AR. 577-78.

According to the ALJ, plaintiff has at least the severe impairments of "degenerative joint disease of the left knee, status post total knee replacement, mild lumbar degenerative disc disease, necrotizing fasciitis, bilateral de Quervain's tenosynovitis, and elevated body mass index (BMI) (20 CFR 404.1520(c) and 416.920(c))." AR. 554.

At the time of the first hearing, plaintiff was living with her husband. AR 43.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 77-85, 87-95. Plaintiff's first requested hearing resulted in an unfavorable decision. AR. 13-28. Plaintiff sought review in this Court and the Court remanded for further administrative proceedings. AR. 659-67.

Plaintiff's second hearing was held before Administrative Law Judge Michael C. Blanton ("the ALJ") on October 5, 2016. *See* AR. 571-603. On March 27, 2017, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 552-63.

In plaintiff's Opening Brief, she raises the following issues: (1) The ALJ erred in finding that the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms was inconsistent with the medical and other evidence of record; and (2) The ALJ's errors were not harmless. *See* Dkt. 9 at 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

(1) **Whether the ALJ erred in discounting plaintiff's subjective symptom testimony.**

Plaintiff argues that the ALJ erred in assessing her subjective complaints and discounted her credibility based solely on a lack of consistency with the objective medical evidence. Dkt. 9 at 2-4.

Once an underlying impairment has been established, if an ALJ rejects the testimony of a claimant the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1284 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement"); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d at 343, 346-47). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601)).

The ALJ determined that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence of the record for the reasons explained in this decision." AR. 556. The ALJ also found that: (1) plaintiff failed to seek treatment for her anxiety and post-traumatic stress syndrome ("PTSD"); (2)

plaintiff was able to work despite her mental limitations; and (3) plaintiff has only received intermittent conservative treatment for her hand pain. *Id.*

For the reasons stated below, the Court agrees with plaintiff that these are not clear and convincing reasons to reject plaintiff's testimony.

First, as noted, the ALJ rejected plaintiff's testimony as inconsistent with the objective medical evidence. AR 556. Determining that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter*, 166 F.3d at 1297; *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). However, to discount a claimant's testimony, an ALJ "must state *which* testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 917 (emphasis added); *see also Lester*, 81 F.3d at 834.

Plaintiff testified that her knee and back pain made her unable to stand or walk for prolonged periods, and that back pain made her unable to sit for prolonged periods, AR 556, which was corroborated by Dr. Norman Staley, M.D.'s opinion, finding that plaintiff has severe degenerative joint disease in her left knee, and radicular pain in her spine. AR 91.

Defendant argues that the ALJ rejected Dr. Staley's opinion regarding plaintiff's RFC, which necessarily involved a finding on plaintiff's statements. Dkt. 10 at 2. Therefore, defendant contends that the ALJ considered Dr. Staley's opinion with respect to whether it corroborated plaintiff's testimony. *Id.* at 2. However, as the Ninth Circuit has held, "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her

residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). This is exactly what the ALJ did here. Instead, to discount a claimant's testimony, an ALJ "must state *which* testimony is not credible and *what* evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 917 (emphasis added); *see also Lester*, 81 F.3d at 834. Here, the ALJ has not provided any reasoning for the Court to determine whether his conclusions were supported by substantial evidence. *See Holohan,* 246 F.3d at 1208. Because "the agency's path" cannot "reasonably be discerned," *Alaska Dep't of Envtl. Conserv.,* 540 U.S. at 497, this was not a valid reason to discount plaintiff's testimony. *See Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1103 (9th Cir. 2014)

Second, the ALJ also rejected plaintiff's testimony based on her lack of treatment for anxiety and PTSD. AR 556-57. However, as plaintiff points out, and as acknowledged by the ALJ, plaintiff testified that "her ability to work has been limited primarily by impairments of her left knee and lumbar spine" – not her mental impairments. AR. 556. Thus, plaintiff's failure to seek mental health treatment is not a clear and convincing reason to fail to credit fully plaintiff's allegation that she is disabled by her physical limitations.

Third, the ALJ rejected plaintiff's testimony regarding her mental limitations as inconsistent with her work history. AR 556. Again, it is plaintiff's *physical* impairments of her left knee and lumbar spine that she contends are the largest cause of her inability to work. Therefore, plaintiff's previous work history while suffering from a mental

disability is not a clear and convincing reason to discredit her testimony regarding her physical impairments.

Fourth, defendant contends that the ALJ rejected plaintiff's testimony regarding her hand pain because plaintiff's DeQuervain's tenosynovitis was adequately addressed with conservative treatment. Dkt. 10 at 5-6 (citing AR 559). But, again, at the risk of repeating what the Court has previously noted several times, plaintiff testified that her disability largely stems from impairments of her left knee and lumbar spine. Therefore, it is unclear why plaintiff's alleged altered circumstances with respect to her hand limitations would be a clear and convincing rationale for the failure to credit all of her alleged limitations stemming from her left knee and spinal impairments. AR. 556 ("She testified that her ability to work has been limited primarily by impairments of her left knee and lumbar spine").

Finally, defendant argues the ALJ rejected plaintiff's testimony regarding her limitations as inconsistent with her activities of daily living. Dkt.10 at 4 (citing AR. 490, 557). Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold

for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited. *Orn, supra*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

The Ninth Circuit recently revisited this issue of activities of daily living and their consistency with pain-related impairments described by a claimant:

> [T]he ALJ erred in finding that these activities, if performed in the manner that [the claimant] described, are inconsistent with the pain-related impairments that [the claimant] described in her testimony. We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day. *See, e.g., Smolen v. Chater*, 80 F.3d , 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted in original)); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)

*Garrison v. Colvin*, 759 F.3d 955, 1016 (9th Cir. 2014).

The ALJ did not properly utilize this standard when citing plaintiff's daily activities. Rather, it appears the ALJ was simply reciting the medical evidence in the record, and in doing so, referencing instances where plaintiff rode her bike and walked on occasion, without explaining how that evidence relates to plaintiff's testimony and statements. *See* AR. 557.

(2) **Whether the error was harmless.**

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

For the above stated reasons, the ALJ failed to provide clear and convincing reasons for discounting plaintiff's subjective symptom testimony. Had the ALJ properly considered plaintiff's subjective symptom testimony, the RFC and hypothetical questions posed to the vocational expert ("VE") may have included additional limitations. Therefore, because the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

(3) **Is remand for a finding of disability the proper remedy in this case?**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put

forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether [or not] further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

Here, the record as a whole is not free from conflicts and ambiguities and the Court has determined, on remand, the ALJ must re-evaluate this entire matter properly considering plaintiff's subjective symptom testimony. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted) (reversal with a direction to award benefits is inappropriate if further administrative proceedings would serve a useful purpose). Therefore, remand for further administrative proceedings is appropriate.

//

//

//

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

Dated this 16th day of January, 2018.

J. Richard Creatura
United States Magistrate Judge